UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICOLE S.,

                              Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

**DECISION AND ORDER**

1:18-CV-00545 EAW

## INTRODUCTION

Plaintiff Nicole S. ("Plaintiff") moves for attorneys' fees in the amount of $25,462.63 pursuant to 42 U.S.C. § 406(b). (Dkt. 22). The Commissioner of Social Security ("the Commissioner") does not object to the amount that Plaintiff seeks. (Dkt. 24). For the reasons discussed below, the Court grants Plaintiff's motion with respect to the award of attorneys' fees.

## BACKGROUND

On May 14, 2018, Plaintiff filed this action, seeking review of the final decision of the Commissioner denying her application for Child Disability Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on January 4, 2019. (Dkt. 13). On May 9, 2019, the Court approved the parties' stipulation and ordered the matter remand to the Commissioner for further administrative proceedings. (Dkt. 18).

By stipulation, the parties agreed that Plaintiff's counsel was entitled to $6,750.00 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 21).

- 1 -

Thereafter, the Commissioner issued a Notice of Award on January 31, 2021, in connection with Plaintiff's claims, indicating that $25,462.63 was withheld to pay Plaintiff's representative.  (Dkt. 22-4 at 2).

On February 16, 2021, Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 406(b) (Dkt. 22).  The Commissioner submitted a response to Plaintiff's motion for attorneys' fees, taking no position on Plaintiff's motion and indicating that the Court must assess the reasonableness of Plaintiff's request.  (Dkt. 24 at 1-2).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

- 2 -

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the Notice of Award does not state the full amount of the Plaintiff's award. (Dkt. 22-1 at 4 n.5; Dkt. 22-4). However, the Notice of Award states that the Social Security Administration withheld $25,462.63 and customarily withholds 25 percent of the total award of benefits. (Dkt. 22-1 at 4 n.5; Dkt. 22-4 at 2). Moreover, Plaintiff's counsel represents that Plaintiff was awarded approximately $101,850.52 in past due benefits (Dkt. 22-1 at 4), and the Commissioner does not contest this (*See* Dkt. 24). As such, the requested fee of $25,462.63 appears to fall within the statutory 25 percent.

There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Additionally, counsel was not responsible for any delay and provided effective representation.  The hours expended by counsel on the case were reasonable in light of the issues presented and extent of the representation. Despite having her application for benefits denied at multiple stages, due to counsel's efforts, Plaintiff secured a recovery of past-due benefits.  (*See* Dkt. 22-1 at 10; Dkt. 22-4).

Although the hourly rate that counsel requests is high, the Court does not find that the requested fee is so high as to constitute a windfall to counsel.  The requested fee would result in a *de facto* hourly rate of $659.65 ($25,462.63 divided by 38.6 hours).  (Dkt. 21-1 at 12; Dkt. 22-6).  "In assessing whether a requested fee would constitute a windfall, courts consider whether counsel achieved particularly good results for the claimant; whether counsel expended effort beyond boilerplate submissions, such as in briefing material issues of fact or particular legal issues; and whether counsel handled the case efficiently due to his or her experience in handling social security cases."  *Ladonia H. v. Comm'r of Soc. Sec.*, No. 17-CV-1148S, 2021 WL 671595, at *2 (W.D.N.Y. Feb. 22, 2021).

The $659.65 effective hourly rate requested is more than three times counsel's normal hourly rate of $200 an hour.  (*See* Dkt. 22-6 at 6).  However, in this matter, counsel achieved particularly favorable results for Plaintiff.  First, the Commissioner entered into a stipulated remand of the matter.  (Dkt 18.)  Second, Plaintiff ultimately achieved a fully favorable award of benefits.  (*See* Dkt. 22-1 at 3-4; Dkt. 22-4).  Although courts in this circuit have held that *de facto* hourly rates above $500 per hour are unreasonable, *Morris v. Saul*, 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (collecting

- 4 -

cases), courts have also found rates in excess of those counsel seeks in this matter to be reasonable, *id.* at \*3 n.4.  *See also Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at \*3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000 to be reasonable in this district).

An effective hourly rate of $1,000 was approved in a case from this district where, as here, the Commissioner stipulated to remand following Plaintiff's filing of a motion for judgment on the pleadings, creating an inference that counsel's representation warranted the unusually high hourly rate:

> [A]fter counsel filed a motion for judgment on the pleadings, the Commissioner stipulated to remand.  Although the reasons for the Commissioner's decision are not in the record, it is reasonable to assume that counsel's thorough motion played a significant role in identifying reasons why remand was appropriate, thereby quickening resolution of this case. Counsel's skill and ability therefore appears to have ensured that this case progressed quickly.  This weighs heavily in the Court's decision to award counsel his requested fee.

*Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at \*2-3 (W.D.N.Y. July 10, 2018); *see also Plum v. Comm'r of Soc. Sec*., No. 6:18-CV-6127 (CJS), 2020 WL 1846785, at \*4 (W.D.N.Y. Apr. 13, 2020) (approving effective hourly rate of $750 in case where Commissioner stipulated to remand following Plaintiff's filing of motion for judgment on the pleadings).

Having considered the required factors, the reasoning in the foregoing cases, and the argument set forth by counsel, the Court concludes that counsel's effective hourly rate of $659.65 per hour is in line with awards generally approved in this district for similar work performed.  The Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley*, 2018 WL 3368434, at \*2 (quoting *Wells*, 907

- 5 -

F.2d at 371).  Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)."  *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $6,750.00.  Citing *Gisbrecht*, Plaintiff requests that the Court "offset" the award of attorneys' fees pursuant to § 406(b) by subtracting the EAJA award of $6,750.00 from the $25,462.63 Plaintiff seeks pursuant to § 406(b).  (Dkt 22-1 at 15-16).  However, the Supreme Court in *Gisbrecht* clearly stated: "Fee awards may be made under both prescriptions, but the claimant's attorney *must* 'refun[d] to the claimant the amount of the smaller fee.'"  535 U.S. at 796 (emphasis added).  And courts in this circuit generally have declined to offset § 406(b) awards in this fashion.  *See Ferrara v. Comm'r of Soc. Sec. Admin.*, 18-cv-00022 (ALC), 2020 WL 6782045, at *2 (E.D.N.Y. Nov. 18, 2020) ("[O]ffsetting the amount requested pursuant to § 406(b) by the amount already awarded pursuant to EAJA is improper."); *Guzman v. Comm'r of Soc. Sec.*, 15CV3920 (VB) (LMS), 2019 WL 4935041, at *4 (S.D.N.Y. Aug. 1, 2019), *report and recommendation adopted*, 15CV3920 (VB), 2019 WL 4933596 (S.D.N.Y. Oct. 10, 2019) ("[T]he undersigned finds no cases in this district that uphold Plaintiff's counsel's offset theory.").

Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $659.65 does not constitute a windfall for Plaintiff particularly where Plaintiff achieved a stipulated remand resulting in a favorable award.  Counsel must return the EAJA fees in the amount of $6,750.00 to Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's § 406(b) motion (Dkt. 22) for attorneys' fees is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $25,462.63 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $6,750.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:      October 21, 2021
              Rochester, New York